ATTORNEY GENERAL EX REL. EPHRAIM NELSON V. WILLIAM MCARTHUR ET AL.

*Act 411 of 1867—Joinder in demurrer—Special incorporation.*

The constitutional limitation upon the creation of corporations except by general laws does not apply to incorporation acts to enable operations to be carried on in specific localities that cannot be carried on any where else.

Where an information in the nature of a quo warranto is filed under Comp. L., § 7074, and charges individuals with the wrongful assumption of corporate powers, a joinder in demurrer to a plea of incorporation, leaves the legal incorporation of the defendants

the only question in issue. But where it is filed under § 7085 and is aimed at corporate delinquencies, it admits the corporate existence, and the corporation is duly made a party, and under the admission made by the demurrer, it must be deemed to be lawfully incorporated unless there are reasons to the contrary connected with the act of incorporation.

Act 411 of 1867, for the incorporation of slack water navigation companies in the counties of St. Joseph, Cass, Berrien and Cheboygan, is not invalidated by Art. XV., § 1 of the State constitution, which prohibits the creation of corporations except by general laws.

INFORMATION in the nature of a quo warranto. Argument on general demurrer. Submitted January 9. Demurrer sustained January 22.

*Atkinson & Atkinson* and *Theodore Romeyn* for the relator. Act 411 of 1867 is in violation of the constitution in being a special incorporation act (*Munn v. People*, 69 Ill., 85; *Atkinson v. M. & C. R. R. Co.*, 15 Ohio St., 21; *Attorney General v. Cincinnati*, 20 Ohio St., 18; *People v. Supervisors of Chautauqua*, 43 N. Y., 13; *People v. McConvill*, 35 N. Y., 449), and as "abridging" navigation of the Cheboygan (Ord. of 1787, art. 4; Const. Debates of 1850, pp. 328, 330, 331, 334 and 335; *Moore v. Sanborn*, 2 Mich., 525), which is entitled to judicial notice as a navigable stream, *La Vengeance*, 3 Dall., 297; *The Appollon*, 9 Wheat., 374; *The Thomas Jefferson*, 10 Wheat., 428; *Peyroux v. Howard*, 7 Pet., 342; as a commercial regulation it is also void under the federal constitution, *Gibbons v. Ogden*, 9 Wheat., 1; *The Daniel Ball*, 10 Wall., 563; *Gilman v. Philadelphia*, 3 Wall., 713; *Veazie v. Moor*, 14 How, 568; Story on Const., 1075, n. 2.

*C. I. Walker* for defendants. Special acts are not unconstitutional unless they confer exclusive rights, *Welker v. Potter*, 18 Ohio St., 85; *Brooks v. Hyde*, 37 Cal., 376; *Gentile v. State*, 29 Ind., 409; Cooley's Const. Lim., 129, n. The State can authorize the erection of bridges or dams over navigable streams, and impose tolls on them, *Kellogg v. Union Co.*, 12 Conn., 7; *Thames Bank*

*v. Lovell*, 18 Conn., 510; *Williams v. Beardsley*, 2 Carter [Ind.], 591; *Jolly v. T. H. D. B. Co.*, 6 McLean, 242; and may exercise its authority over them for the purpose of creating a water power, *Hogg v. Zanesville C. Co.*, 5 Ohio, 410; *B. & R. Mill v. Newman*, 12 Pick., 467; and it may entirely obstruct a stream lying wholly within the State and not forming part of a continuous track of commerce to other jurisdictions, or may grant its exclusive use, to an individual or corporation, *Livingstone v. Van Ingen.*, 9 Johns., 506; *People v. Tibbets*, 19 N. Y., 528: *Veazie v. Moore*, 14 How., 571; *Depew v. Trustees*, 5 Ind. 8; *Wood v. Rice*, 24 Mich., 423.

GRAVES, J.    This is an information in the nature of quo warranto against the defendants alleging their assumption to act as a corporation by the name and title of "The Cheboygan Slack Water Navigation Company," and that in so doing they usurp the franchise of being a corporation.

The defendants plead actual incorporation on the nineteenth of April, 1867, under the act entitled "An act to provide for the incorporation of slack water navigation companies, for the improvement of rivers in the counties of St. Joseph, Cass, Berrien and Cheboygan and defining their powers and duties." Approved March 25, 1867 (2 Sess. L. 1867, p. 832). To this plea there is a general demurrer in which defendants have joined. Several important questions are mooted in relator's brief which do not arise in this proceeding; and these will not be considered. In disposing of the case we shall adhere strictly to the precise issue raised, and also to the ground, so far as it appears pertinent, which is taken to support the affirmative of it.

What is that issue? It is this, and this only: Are the defendants legally incorporated? No other subject of inquiry is admissible in this proceeding.

The information is filed under Comp. L., § 7074, and not under § 7085, and it contemplates the case of an

assumption by the defendants of the franchise of incorporation without legal right, and consequently that no corporate entity exists to be proceeded against. The complaint is that these persons assume to be incorporated without being so, and therefore the information is against them personally, and not against the artificial being they are charged as unlawfully simulating. Where the information is aimed at alleged corporate delinquencies it supposes and virtually admits corporate existence instead of denying or ignoring it, and the corporation is itself made a party. § 7085 *supra*. The law adapts the proceeding to the nature of the case and operates consistently. Under the admission made by the demurrer the defendants must be deemed to be lawfully incorporated unless there are insuperable difficulties in the way and which belong to this act of 1867, and no such difficulties are perceived.

The energies of corporations authorized by it are to be applied and exerted on navigable rivers in a part only of the territory of the State, and as the right is not extended to the whole territory of the State, it is contended by the relator that the enactment infringes part of section one of article fifteen of the constitution, and is therefore wholly void. The provision referred to is as follows: "Corporations may be formed under general laws; but shall not be created by special act except for municipal purposes."

We think it would be a strained and unreasonable construction to read this clause as requiring all laws for creating corporations not municipal to be so framed as to expressly authorize the corporations in all cases to conduct the specific operations for which they are promoted and established anywhere in the territory of the State. The language does not fairly imply any such meaning, and we do not understand the clause was designed to compel the Legislature to enact privileges which in the nature of things could not be enjoyed. The great purpose of the provision was to introduce a

system of legislation in regard to the institution of corporations which would exclude the corruption and party favoritism which had too often accompanied the method previously in vogue, and to secure as far as practicable for all the people of the State an equality of opportunity and a guard against sectional discriminations. It was determined that corporations of the class in question should owe their erection to general laws and not to special acts, and within this principle, that no law general in form should be allowed to localize the specific work or business of the corporation within narrower bounds than it would naturally be compelled to occupy if not thus localized by enactment. At the same time it was not designed to hinder the confinement of the specific work or business of the corporation by the terms of the law within a given section in any case, when in consequence of natural conditions such work or business could not be carried on elsewhere.

When the provision in question was adopted the system of direct and immediate incorporation of particular individuals by legislative charter, or in other words, the creation of corporations by special act, was generally condemned as impolitic, and those holding this opinion contended that corporations should be organized under common regulations which would permit any group of persons wishing to do so to effect incorporation without special application or special favor, and would exclude sectional distinctions and local immunities and local jealousies, and in this state of opinion the convention framed and the people adopted this section, and if we read it in a sense subservient to the sentiment which then prevailed, we shall give it the construction already suggested, and which its terms as it seems to us fairly bear.

We think the territorial restriction in the act of 1867 is not repugnant to the constitutional provision referred to. The things to be done by corporations which it allows to be created could not be done any where else.

The remaining objections do not controvert the sufficiency of the statute to enable the defendants to incorporate under it, but they relate to the power of the Legislature to confer and the ability of the corporation when formed to hold and exercise particular franchises and incidents which the act purports to grant or is supposed to imply. Conceding for this case to this class of objections all the force which can be rightly claimed for them, and still the statute affords a valid basis for corporate organization.

All the provisions which are exposed to attack on constitutional grounds may be stricken out and every application of a provision liable to be impugned on such ground may be excluded without impairing the act to an extent which would disable it as one under which persons can lawfully incorporate.

For example, the right to take tolls, and the right to exercise the power of eminent domain may be stricken out, and the privilege of damming and bridging without consent of the board of supervisors may be excluded without destroying the statute.

We abstain from extended observations on this branch of the case partly because we think the question on which the result depends does not require it, and partly because the relator has not been fully heard, he having submitted on a brief, and which merely mentions certain points and cites authorities.

We think the defendants are entitled to judgment with costs upon the demurrer.

The other Justices concurred.